**Helena J. FITZPATRICK**

v.

**DUQUESNE LIGHT COMPANY.**

**Civ. A. No. 84–1575.**

United States District Court,
W.D. Pennsylvania.

Jan. 18, 1985.

James Perich, Pittsburgh, Pa., for plaintiff.

Scott Zimmerman, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This Title VII sex discrimination case is before the court on defendant's motion for summary judgment. The court earlier severed the § 301 collective bargaining agreement issue pending ongoing grievance proceedings and that cause of action was settled by stipulation and order. Defendant has supported its motion with the affidavits of J.M. Mauer, Jr., W.J. Roy, and M.L. Green, Jr., all employees of defendant with personal knowledge of the facts. Plaintiff was granted a period of discovery to assist in defending against defendant's motion, and thereafter plaintiff filed her response in opposition to this motion. Plaintiff filed no affidavits or other evidentiary material with her response but relied on defendant's admissions which were later made part of the record. Subsequent to the motion and response, both parties addressed this court in letter form with arguments normally found in supplemental briefs. They will therefore be treated as such by this court.

Fed.R.Civ.P. 56 allows the court to dispose summarily of a case where there is no genuine issue of fact or where the dispute raises no real or substantial issue. *Sanford v. O'Neill*, 616 F.2d 92 (3d Cir.1980). On summary judgment the court does not resolve factual differences but only determines if any exist. *Id.* at 96. Furthermore, in making this determination every reasonable inference must be given to the party opposing the motion. *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781 (3d Cir.1978).

Defendant's well supported motion establishes that plaintiff, Helena J. Fitzpatrick, was hired by the defendant company on August 7, 1978, and held a Jr. Chemist position in the Chemical Laboratory as of May 1, 1983. Plaintiff married Lawrence Fitzpatrick, a technical clerk in the Chemical Laboratory, on May 22, 1983. Both then reported to the same supervisor, A.C. Mazukna. Company policy prohibits both a husband and a wife reporting to the same supervisor. On May 3, 1983, plaintiff and her fiance were informed of the company policy and told that if neither had bid out of their positions within 30 days following their planned wedding, the less senior employee, Ms. Fitzpatrick, would be removed from her position. By June 22, 1983 neither had changed jobs; therefore the defendant placed Ms. Fitzpatrick in the Chemical Analyst position. Shortly thereafter Ms. Fitzpatrick was diagnosed as color blind which would prevent her from performing certain job duties required of Chemical Analysts. The diagnosis was confirmed on July 21, 1983, and on July 28, 1983, plaintiff was reassigned to a House and Yard Laborer position in the Power Stations Department, an entry level job,

because there were no other vacant positions for which she was qualified and for which there were no other bidders. Since that time, plaintiff has been able to bid out of the entry level position. Defendant gives three additional examples of situations in which its policy against working for the same supervisor was implemented. They include:

a) Melinda and George Barnes, married April 4, 1980, were both working in Stores Department and reporting to same supervisor. They were advised of company policy and George, who had the least seniority, bid to another position;

b) Antoinette and Raymond Manns, married September 18, 1982, were both working for the same supervisor in the Treasury Department. Antoinette, who had the least seniority, was placed in a vacant position in another section of the Treasury Department.

c) Catherine and Robert Reiter, married on February 12, 1982, were both reporting to the same supervisor in the Accounting Department. They were advised of company policy and Robert, who had the least seniority, bid to Auto Dispatcher job in the Substations and Shops Department.

■ Plaintiff's response concedes that, if defendant in fact maintained an anti-nepotism policy prohibiting married employees from working under the same supervisor in excess of 30 days following the marriage, and if such policy were facially neutral and evenly applied in a nondiscriminatory manner, defendant would be entitled to summary judgment on the issue of sex discrimination because of marital status. Plaintiff however claims that a factual dispute exists as to the existence of such a policy. To support this claim, plaintiff points to defendant's admissions that

1) There is no written policy regarding married co-workers working for the same supervisor;

2) There is no written policy applying only to certain employees because they are married to other employees;

3) Defendant's practice with regard to employees who must be removed from a position is not governed by the Collective Bargaining Agreement.

Plaintiff concludes that defendant does not provide any evidence of a company practice. We do not reach the same conclusion. Defendant's affidavits provide four instances in which its unwritten policy or practice was maintained. Plaintiff does not provide any evidence which contradicts these instances, nor does plaintiff provide even one instance in which the policy was not applied to a married couple who worked for the same supervisor. Plaintiff does allege that the Reiter couple were permitted to work for the same supervisor in excess of 30 days. (Defendant indicates that they worked for 50 days after their marriage for the same supervisor, but that Mr. Reiter had successfully bid to another position within 30 days.) We do not believe that this refutes the existence of such a company policy. Rather plaintiff establishes that there may have been some flexibility in how the policy was applied, which we find reasonable under the circumstances.

■ Plaintiff further claims that the affidavits of M.L. Green, Jr. which established the instance in which the company practice was applied should be stricken as hearsay violative of Fed.R.Civ.P. 56(e). Mr. Green has been employed by defendant in the Human Resources Unit as the Supervisor Affirmative Action with access to the company's personnel records since May 3, 1983. As such, we find that Mr. Green may appropriately identify business documents, that he has knowledge of the information contained therein, and that he must use the personnel records in the performance of his duties. There is therefore sufficient indicia of reliability to make his testimony admissible at trial. Fed.R.Evid. 803(24).

Since we do not believe that plaintiff has established any genuine issue of material fact, and since the type of policy held by this company does not constitute sex discrimination, *George v. Farmers Electric Cooperative, Inc.,* 715 F.2d 175 (5th Cir.

1983), defendant's motion for summary judgment will be granted.