**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**WORLD'S FINEST CHOCOLATE, INC., Defendant.**

**No. 86 C 237.**

United States District Court,
N.D. Illinois, E.D.

Nov. 22, 1988.

Julianne Bowman, Jason Hegy, Jean P. Kamp, E.E.O.C., Chicago, Ill., for plaintiff.

Narcisse A. Brown, Lloyd S. Kupferberg, Ira S. Kolb, Steven M. Bazer, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant's motion for summary judgment and its amended motion for summary judgment. *See* Fed.R. Civ.P. 56(b). For the following reasons, both motions are denied.

## FACTS

On September 24, 1984, Faye Calvin filed a charge ("Charge") with plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleging that defendant, World's Finest Chocolate, Inc. ("WFC"), engaged in discriminatory hiring practices. The EEOC investigated the Charge allegations, and on July 27, 1985, issued a Letter of Determination finding that it had reasonable cause to believe that WFC discriminates against blacks, and especially against black females in hiring and recruitment, and segregates jobs and assignments by gender. On January 13, 1986, the EEOC filed this action, alleging that WFC discriminates against blacks as a class and females as a class in that it discriminates against blacks and females in hiring and recruitment, and segregates jobs and assignments by gender. The EEOC has declined to pursue Calvin's individual claim. WFC moves for summary judgment.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* With this standard in mind, the court addresses each of defendant's four arguments.

■ Defendant first argues that Calvin's entire Charge is invalid, because while she signed the Charge, she did not write the date on which she signed. Defendant argues that the Charge should therefore be held invalid, and a curative amendment to the Charge, allowing Calvin to write the date she signed on the Charge, should not be allowed, but rather summary judgment on this action should be granted in favor of WFC.

Not surprisingly, research unearths no case directly addressing the question of whether an EEOC Charge signed but not dated is valid. The relevant statute reads in pertinent part:

> Wherever, under any law of the United States ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ... such matter

may, with like force and effect, be supported, evidenced, established or proved by the unsworn declaration, certificate, verification, or statement in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in <u>substantially</u> the following form:

> *    *    *    *    *    *

> (2) "... I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

> (Signature)".

28 U.S.C. § 1746 (emphasis supplied). Two facts are noteworthy at this point. First, defendant first raised this argument two years after it received the Charge. Second, extrinsic evidence demonstrates that the Charge was signed between September 12 and September 24, 1984.

■ Given the statutory language and these facts, the court refuses to declare the Charge invalid. The statute requires verification in *substantially* the prescribed form. The crucial aspect of the form provided in the statute is that the person write his or her signature under penalty of perjury. Calvin has done that. While, as WFC points out, the date of the statement is crucial to any perjury charge, because a statement may be true if made on one date but perjurious if made on another, it does not follow that the signor must write the date. Rather, it is simply essential that the date or approximate date (depending on the situation) be demonstrable, as is the case here. Defendant makes no argument that knowledge that the Charge was signed between September 12 and 24 is not sufficiently precise for a charge of perjury.

■ Furthermore, even if § 1746 does require a dated signature, WFC has waived this argument by not raising it until two years after it received the Charge. If WFC felt that a date accompanying the signature was essential, it should have pressed the matter sooner. If it had, the court might have ordered Calvin to date the charge as a curative amendment. *See* 29 C.F.R. § 1601.12(b). Moreover, the ab-

sence of a written date in no way prejudices WFC, as the Charge itself had the date September 24, 1984 stamped on it. Had WFC needed to know the precise date of the signature beyond the obvious fact that it had been signed shortly before September 24, 1984 (which is unlikely), it could have demanded that information, and the EEOC presumably would have complied.

■ Defendant's second argument is that the EEOC impermissibly expanded the scope of the Charge. WFC argues that the Charge only alleges that WFC discriminated in not hiring one black person, Calvin, and the EEOC is improperly attempting now to allege other wrongful practices. The relevant standard in the Seventh Circuit was fully articulated in *Babrocky v. Jewel Food Co. and Retail Meatcutters*, 773 F.2d 857 (7th Cir.1985). There, the court stated that a complaint may not "encompass allegations outside the predicate EEOC charge." *Id.* at 863. However, "[a]ll claims of discrimination are cognizable that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* at 864, *citing Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164, 167 (7th Cir.1976) (*en banc*). Furthermore, "charges are to be construed with 'utmost liberality.'" *Id.* at 866 (citation omitted), and "[a]n EEOC complaint contains factual statements only, which may implicate several types of illegal discrimination." *Id.* Applying this standard, the *Babrocky* court found that an EEOC charge alleging sex-segregation was closely linked to complaint allegations of discriminatory hiring, recruiting, transfer, and promotion practices, but was not itself closely linked to a charge of a discriminatory seniority system. The court also referred favorably to *Jenkins*. In *Jenkins*, the charge alleged that the plaintiff was fired because of her Afro hairstyle, and because she was a leader of the women employees. The charge only mentioned race discrimination, but the court interpreted the factual narrative of the charge to imply sex discrimination. 538 F.2d at 168–69.

In the present case, as in *Jenkins*, the Charge only mentions race discrimination and fails to check the sex discrimination box on the EEOC form; it does not mention sex-discrimination as a legal theory. However, the factual narrative of the charge includes the statement "I have been advised by inside sources that Respondent [WFC] has not hired a black female for factory work." Construing with the utmost liberality the types of discrimination implicated by this factual statement, the court finds that the statement implies discrimination against both women and blacks as two separate classes. If WFC hires no black women, but does hire white men, white women, and black men, WFC routinely discriminates on the bases of gender and race, and does so not only against one individual, but against blacks and women generally. Moreover, hiring only men for some jobs and only women for other jobs indicates a gender discriminatory hiring practice, and is therefore "reasonably related" to the statement in the Charge that WFC did not hire black women, i.e. had gender discriminatory hiring practices. WFC argues that because the statement in the Charge that WFC does not hire black women is a subpoint under the statement "I believe that I have been discriminated against because of my race, black ...," the statement only alleges race discrimination against one person. However, this latter statement is a legal conclusion. The court looks to the factual narrative, and considers what legal conclusions can be inferred from that narrative, rather than relying on the legal conclusion stated in the charge.

■ As a related point, WFC argues that the Charge provides it inadequate notice. However, "the principal objective of the [notice] provision seems to have been to provide employers fair notice that accusations of discrimination have been levied against them and that they can soon expect an investigation by the EEOC." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 74, 104 S.Ct. 1621, 1634, 80 L.Ed.2d 41 (1984). The notice requirement was "designed to ensure that the employer was given some idea of the nature of the charge; the requirement was not envisioned as a substantive con-

straint on the Commission's investigative authority." *Id.* at 75, 104 S.Ct. at 1634. The charge in this case therefore provides adequate notice.

■ Defendant's third argument concerns the factual basis of the Charge. Defendant argues that Calvin's charge that she as an individual was discriminated against was fraudulent, and therefore the entire Charge is defective. Because the court accepts the EEOC's characterization of the Charge, i.e., that it contains an individual claim and class claims, the court need not determine whether the individual charge was fraudulent (the court would not so find on summary judgment; an evidentiary hearing would be necessary). The EEOC was obligated to investigate both the individual and the class allegations. If a charging party makes more than one allegation, and in the course of its investigation, the EEOC finds one allegation to be meritorious and the other meritless, the fact that one is without merit does not preclude pursuit of the meritorious claim. Thus, in this case, the EEOC may pursue the class claims of the Charge while abandoning Calvin's individual claim.

■ Finally, defendant argues that because the EEOC failed to determine, as it should have, that the Charge was fraudulent, WFC should be awarded attorneys' fees. *See* 42 U.S.C. § 2000e–5(k). Plaintiff interprets defendant's memoranda as arguing that the court should find the EEOC investigation to be inadequate and therefore grant summary judgment in favor of WFC. The court is uncertain as to whether defendant is making this argument; defendant's arguments are so filled with language degrading plaintiff's arguments that defendant's arguments often become obscured. If defendant is asserting this argument, the court rejects it for the reasons stated in *EEOC v. Chicago Miniature Lamp Works*, 526 F.Supp. 974 (N.D.Ill.1981). The courts should not allow defendants to litigate Title VII actions in two-step actions of first challenging the EEOC's initial finding and then proceeding to the merits.

■ Defendant argues that it should be awarded attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k). The court may, in its discretion, award a prevailing defendant attorneys' fees if the plaintiff's claim is frivolous. *Bugg v. International Union of Allied Industrial Workers of America, Local 507*, 674 F.2d 595, 600 (7th Cir.1982). Arguably, defendant has "prevailed" within the meaning of the statute as to Calvin's individual claim, although research locates no case granting a defendant fees where the EEOC investigates a charge and declines to pursue it. Whether defendant will eventually prevail as to the class claims is yet to be determined, as the court denies the summary judgment motions. The court finds that it would be impossible to properly exercise its discretion of whether to award attorneys' fees for one claim while another is unresolved. Once all claims have been resolved, the court will consider any motions for attorneys' fees.

In sum, both defendant's original and amended motions for summary judgment are denied.

IT IS SO ORDERED.