**Constance HILL, Plaintiff,**

v.

**HUMAN RIGHTS COMMISSION, et al., Defendants.**

**No. 89 C 3012.**

United States District Court, N.D. Illinois, E.D.

Jan. 16, 1990.

Constance Hill, Bellwood, Ill., pro se.

Mark L. Schwarz, Chicago, Ill., for plaintiff.

Mary Ellen Coghlan, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, Ill., for defendants.

ORDER

NORGLE, District Judge.

Before the court is the motion of defendants to dismiss those allegations of plaintiff's complaint which raise a sex discrimination claim under Title VII.

The specific issue before the court is whether the sex discrimination claim asserted in plaintiff's complaint is "like or reasonably related to" the allegations of her EEOC charge and "growing out of such allegations." *Carrillo v. Ill. Bell Tel. Co.*, 538 F.Supp. 793, 797 (N.D.Ill.1982); *citing Jenkins v. Blue Cross Mut. Hospital Ins. Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). If it is not, the sex discrimination claim is not properly before the court, since "[t]he scope of judicial inquiry in a Title VII action depends on the content of the employees charge to the [EEOC]." *Id.* A complaint encompassing allegations outside those of the predicate EEOC charge circumvents the EEOC's investigatory and conciliatory roles, confronting the charged party with claims of which there has been no notice. *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir.1985).

■ Plaintiff's complaint alleges employment discrimination based upon sex, as well as race.[1] She is a black female. Her EEOC charge of discrimination alleges discrimination based upon race and "marital status." She is unmarried.

■ The court recognizes that the standard of relation required between charge and complaint is a liberal one, necessitated by the fact that the charge is drafted by employees typically unschooled in the law. *Babrocky*, 773 F.2d at 864. Nevertheless, the court is not persuaded by plaintiff's contention that "marital status [as indicated in the charge] was meant to mean separated—single female parent" and thus have a "sufficient nexus and reasonable relationship to sex discrimination." Whatever plaintiff may have meant, her sex

discrimination claim neither is reasonably related to nor grows out of the allegation of discrimination based upon "marital status" asserted in her EEOC charge.[2] Dismissing her sex discrimination claim does not penalize plaintiff for merely "checking the wrong box" on the EEOC charge. Rather, this decision is based on the factual allegations in the charge.

Plaintiff's charge generally relates a refusal to promote, unfavorable performance reviews, harassment and suspension—all allegedly on a discriminatory basis. The factual allegations of the charge further specify allegedly discriminatory conduct of individual defendants, Strauss and Sezer, male superiors described as married and single, respectively. A white married female is alleged to have received the position sought by plaintiff. However, nothing in plaintiff's narration supports any reasonable inference that the alleged discrimination was based upon her status as an unmarried *female*, rather than merely an unmarried *person*.

Plaintiff's attempt to stretch her charge of discrimination based upon marital status to assert a sex discrimination claim, is belied by the specifics of her charge. If plaintiff intended her "marital status" charge to assert a sex discrimination claim her error exceeded that of merely failing to check the box indicating sex discrimination on the EEOC charge.[3] Indicating the marital status of the male supervisors who allegedly discriminated against her bears little relevance to her purported intended charge of sex discrimination and can be reasonably interpreted as indicating her claim is that of discrimination based upon her "marital status".

---

1. Plaintiff subsequently filed a second EEOC charge alleging retaliation for filing the first charge. However, the second charge is not relevant to the present inquiry, as plaintiff does not argue any relationship between it and the sex discrimination claim.

2. While marital status is not specified as a protected class under Title VII, see 42 U.S.C. § 2000e–2; *Cybyske v. Independent School Dist. No. 196 Rosemont Valley*, 347 N.W.2d 256 (Minn.1984), discrimination based ostensibly upon marital status, usually through anti-nepo-

tism or head-of-household rules, may be cognizable as sex discrimination where there is a disparate impact upon one sex. *See McDonald v. United Air Lines*, 745 F.2d 1081 (7th Cir.1984); *Yuhas v. Libbey–Owens–Ford Co.*, 562 F.2d 496 (7th Cir.1977); *Fitzpatrick v. Duquesne Light Co.*, 601 F.Supp. 160 (W.D.Pa.1985). The facts narrated in plaintiff's charge cannot be reasonably construed to assert a disparate impact on or treatment of females.

3. Instead, plaintiff checked the box marked "other" and specified "marital status."

More importantly, as defendants recognize, plaintiff's allegation of replacement by a female renders it illogical and unreasonable to interpret her charge as alleging sex discrimination (to say nothing of its impact on her satisfaction of the elements of such a claim). Finally, plaintiff's emphasis on the successful applicant's status as white and married supports interpreting her charge as alleging only race and "marital status" discrimination.

Nowhere in her charge is there support for plaintiff's contention that there is a reasonable nexus between plaintiff's marital status, from which she wishes the court to draw the inference that she is a "separated-single female parent," and discrimination based upon her sex. Essentially, any claim of sex discrimination, rather than being "reasonably related to" and "growing out of" the allegations of the charge, is at least twice removed from the charges made. First, the connection between marital status and her status as a "separated-single female parent" must be accepted. There is no reasonable relation between these statuses. The charge neither mentions that plaintiff was "separated", nor that she had children. Second, assuming such a reasonable relation is found, one must then discern a reasonable relation between the unstated discrimination against a "separated-single female parent" and "sex" discrimination. Why is it reasonable to find a relation between a charge of discrimination against a "separated-single female parent" and "sex" discrimination, rather than between the former and discrimination against "parents," "separated-single parents," "separated-single females" or "female parents?" Plaintiff does not venture to explain.

Merely filing an EEOC charge does not result in any Title VII claim of discrimination based upon the charging party's social or physical characteristics being reasonably related to the charge. A relation between charge and claim must be rooted firmly in the plain language of the charge, subject to a reasonable interpretation. Plaintiff, with hindsight, wishes the court to accept facts unstated in the charge from which she desires unreasonable inferences be drawn.

Even had plaintiff, claiming to be a victim of discrimination, listed all of her social and physical characteristics in the charge, merely doing so does not support the existence of a reasonable relation between these characteristics and every conceivable claim of discrimination based upon the characteristics.

It is illustrative that the EEOC, in investigating plaintiff's charge, reasonably interpreted it as not alleging sex discrimination. The interpretation urged by plaintiff would make the requirement of a relationship between charge and claim so liberal as to render the charge's notice function a nullity and to prevent the EEOC from fulfilling its statutory mandate.

Defendants' motion is granted.

IT IS SO ORDERED.