899 F.2d 582
 ALLIANCE TO END REPRESSION, et al., Plaintiffs-Appellees,
and
Richard M. Gutman, Appellee,
v.
CITY OF CHICAGO, Defendant-Appellant.
 Nos. 87-2638, 89-2898.
 United States Court of Appeals,
Seventh Circuit.
 Submitted March 12, 1990.
Decided March 22, 1990.
Rehearing and Rehearing En Banc Denied April 17, 1990.
Order on Petition for Rehearing April 17, 1990.
 
 George Murtaugh, Jr., Richard M. Gutman, Douglas W. Cassel, Jr., Stanley J. Garber, Bell, Boyd & Lloyd, Lance Haddix, Michael Deutsch, Peoples Law Office, Peter Fitzpatrick, Chicago, Ill., for Alliance To End Repression.
 John H. Mathias, Jenner & Block, Ruth M. Moscovitch, ACC, Thomas J. Royce, Frederick S. Rhine, ACC, Kelly R. Welsh, ACC, Judson H. Miner, CC, Sharon Baldwin, Office of the Corp. Counsel, Appeals Div., Roger Baldwin, Robert C. Howard, Hartunian, Futterman & Howard, Matthew J. Piers, Gessler, Flynn, Fleischmann, Hughes & Socol, Douglas McMillian, Office of the Corp. Counsel, Chicago, Ill., Robert M. Rader, Asst. Atty. Gen., Dept. of Justice, Civil Div., Appellate Section, Washington, D.C., George Keane, Albert B. Friedman, Lawrence J. Suffredin, Simon & Spitalli, Chicago, Ill., J. Charles Kruse, Washington, D.C., Linda Fisher, James L. Coghlan, Coghlan, Joyce, Kukankos, Urbut & D'Arcy, Chicago, Ill., for City of Chicago.
 Richard M. Gutman, Chicago, Ill., pro se.
 Before BAUER, Chief Judge, and POSNER and EASTERBROOK, Circuit Judges.
 PER CURIAM.
 
 
 1
 In two earlier opinions, this court held that Richard M. Gutman, who represented the plaintiffs in these actions under 42 U.S.C. Sec. 1988, is entitled to attorneys' fees through the date the parties agreed on the damages but not thereafter. Alliance to End Repression v. City of Chicago, 820 F.2d 873 (7th Cir.1987); Alliance to End Repression v. City of Chicago, 840 F.2d 920 (7th Cir. Feb. 1, 1988) (unpublished memorandum). A magistrate then held an evidentiary hearing and concluded that the damages had not really been agreed until November 14, 1985, but that the principles underlying the settlement had been agreed to in March. The district judge concluded that the right date is the one of actual agreement rather than of narrowing the scope of differences.
 
 
 2
 Which date is right is a fact-specific question. Our earlier opinions establish the legal rules governing its disposition. The resolution of the dispute must be respected unless clearly erroneous--which it is not. Proceedings before the magistrate established to her satisfaction (and the district judge's) that the plaintiffs agreed to reduced damages in order to get a better shot at obtaining a precedent. As we held in 1987, this precedent turned out to be an advisory opinion. But until November 1985 plaintiffs retained the option of spurning the City's monetary offer and going to trial in an effort to get higher damages. The case was settled on the basis of less money for more precedent. This is not a trade Article III permits a court to participate in, but because until the very end the possibility of a different resolution was present, the district judge was entitled to conclude that the damages were not fixed until November. We accordingly affirm the judgment under review in No. 89-2898.
 
 
 3
 Richard Gutman, counsel for the plaintiffs, has requested sanctions in No. 87-2638, which reached final decision in 1988, on the ground that the City misrepresented to this court the events of a meeting in August 1984 between Gutman and Peter Fishman, an attorney for the City. This motion oversteps the line of responsible advocacy. This appeal was concluded two years ago, and we sent down the mandate long before Gutman filed his motion. What is more, parties are free to put the best face on events, as the City did on Fishman's notes. That the district court later disagreed with the City's characterization--a characterization that at least for a time Gutman himself shared--hardly makes the advocacy sanctionable. It is essential to maintain the line between vigorous advocacy (which the City engaged in) and frivolous conduct. District No. 8 v. Clearing, 807 F.2d 618, 622 (7th Cir.1986). Hair-trigger motions for sanctions by lawyers who do not recognize this difference are themselves sanctionable. Foy v. First National Bank of Elkhart, 868 F.2d 251, 258 (7th Cir.1989). The request for sanctions was especially foolish because under 42 U.S.C. Sec. 1988 Gutman will receive his fees for appellate work as a prevailing party. The motion for sanctions complicated the case without improving Gutman's chances of being paid for his time.
 
 
 4
 Because Gutman has prevailed on the merits of this appeal, he is entitled to fees under Sec. 1988. He should submit within 15 days a statement of the fees reasonably incurred in No. 89-2898, excluding any time attributable to the motion for sanctions in No. 87-2638. The City is entitled to recover from Gutman under Fed.R.App.P. 38 its attorneys' fees reasonably incurred in defending against the motion for sanctions in No. 87-2638. It should submit a statement of these fees within 15 days. The award to Gutman will be his fees in No. 89-2898 less the City's fees in defending the motion in No. 87-2638.
 
 
 5
 AFFIRMED.
 
 ORDER
 
 6
 On April 5, 1990, Richard M. Gutman filed a petition for rehearing with suggestion of rehearing en banc in No. 87-2638, contesting the court's disposition of that case to the extent it awards the City fees under Fed.R.Civ.P. 38. All of the judges on the panel have voted to deny rehearing, and no member of the court has called for a vote on the suggestion of rehearing en banc. The petition for rehearing is denied. Gutman's "supplement" to the petition, received on April 16, is returned to counsel on the ground that such a document requires a motion for leave to file (there was none), and that a motion would in any event be denied as untimely.
 
 
 7
 The court's opinion required each side to file statements of attorneys' fees. We allowed counsel to respond to each other's statements. Gutman asked for $8,584 in fees in No. 89-2898. The City represents that it has no objection, so we award Gutman this sum under 42 U.S.C. Sec. 1988 for services on appeal. The City requests $3,109.17 in fees in No. 87-2638. Gutman does not object to the amount of this request but asked only that we withhold decision until acting on his petition for rehearing. Now that the petition has been denied, we grant the City's request under Fed.R.App.P. 38 in the amount it requested. As our opinion explained, these sums are offset, so that the City is now required to pay Gutman $5,474.83. It is so ordered.
 
 ON PETITION FOR REHEARING
 
 8
 On April 5, 1990, Richard M. Gutman filed a petition for rehearing with suggestion of rehearing en banc in No. 87-2638, contesting the court's disposition of that case to the extent it awards the City fees under Fed. R. Civ. P. 38. All of the judges on the panel have voted to deny rehearing, and no member of the court has called for a vote on the suggestion of rehearing en banc. The petition for rehearing is denied. Gutman's "supplement" to the petition, received on April 16, is returned to counsel on the ground that such a document requires a motion for leave to file (there was none), and that a motion would in any event be denied as untimely.
 
 
 9
 The court's opinion required each side to file statements of attorneys' fees. We allowed counsel to respond to each other's statements. Gutman asked for $8,584 in fees in No. 89-2898. The City represents that it has no objection, so we award Gutman this sum under 42 U.S.C. Sec.1988 for services on appeal. The City requests $3,109.17 in fees in No. 87-2638. Gutman does not object to the amount of this request but asked only that we withhold decision until acting on his petition for rehearing. Now that the petition has been denied, we grant the City's request under Fed. R. App. P. 38 in the amount requested. As our opinion explained, these sums are offset, so that the City is now required to pay Gutman $5,474.83. It is so ordered.