**Madora BOND, Plaintiff,**

v.

**AMERICAN MEDICAL ASSOCIATION, Defendant.**

No. 89 C 7167.

United States District Court, N.D. Illinois, E.D.

May 23, 1991.

Armand L. Andry, Law Offices of Armand L. Andry, Oak Park, Ill., for plaintiff.

Anne Giddings Kimball, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, American Medical Association ("AMA"), for summary judgment on count I of plaintiff Madora Bond's complaint.

For the following reasons, the motion is denied.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

## FACTS

Plaintiff Bond is a former employee of the AMA, employed as a secretary. After receiving several promotions, plaintiff applied for the position of assistant director of the List House Activity department. However, the position was filled by a white female, who became plaintiff's supervisor and later placed plaintiff on probation for ninety days.

On May 31, 1985, plaintiff filed a charge of discrimination, numbered 05185469, with the Equal Employment Opportunity Commission ("EEOC") claiming that defendant denied her promotion and placed her on probation because of her race. On August 15, 1985, plaintiff was terminated by the AMA. On September 23, 1985, plaintiff filed another charge of discrimination, numbered 051856094, alleging that her termination was in retaliation for her previous filing of a discrimination charge.

On June 19, 1986, the EEOC dismissed charge number 05185469 and issued a right-to-sue letter. This letter was sent by certified mail to plaintiff's address at 9710 South Yates, Chicago. The post office attempted to deliver the certified letter on three separate occasions, and eventually returned the letter, undelivered, to the EEOC on July 23, 1986. In 1989, plaintiff retained counsel, Armand L. Andry, who requested right-to-sue letters for both of plaintiff's charges on July 10, 1989. These letters were sent on July 27, 1989. Plaintiff then filed the instant action, on September 21, 1989.

## DISCUSSION

It is undisputed that plaintiff filed this case within ninety days of the receipt of the right-to-sue letters requested by her attorney on July 10, 1989. Defendant seeks summary judgment on count I of the complaint, alleging that this count is based upon the right-to-sue letter issued in June of 1986 which dismissed plaintiff's discrimination charge. If the plaintiff had receipt of the letter in June, the ninety day period for the filing of her discrimination claim would have expired in September, 1986, three years before this action was filed.

■ Pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., upon the filing of a charge of discrimination, the EEOC shall serve notice of the charge on the employer and conduct an investigation. 42 U.S.C. § 2000e–5(b). If the EEOC dismisses a charge of discrimination, the commission informs the aggrieved person of the dismissal and a civil action may be brought against the employer within ninety days of such notice. 42 U.S.C. § 2000e–5(f)(1). The ninety day filing requirement is not jurisdictional. *St. Louis v. Alverno College*, 744 F.2d 1314, 1316, n. 2 (7th Cir.1984). Rather, the filing requirement acts as a statute of limitations, and is subject to the principles of waiver and equitable tolling. *Id.; Baldwin County Wel-*

*come Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984); *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1314 (7th Cir.1984).

■ The Seventh Circuit employs an "actual receipt" standard in determining when the ninety day filing period begins to run. In other words, the claimant must *actually* receive the EEOC right-to-sue letter before the filing period starts to run. *Jones,* 744 F.2d at 1312; *St. Louis,* 744 F.2d at 1316; *Archie v. Chicago Truck Drivers,* 585 F.2d 210, 216 (7th Cir.1978); *Robinson v. International Brotherhood of Electrical Workers, Local 134,* No. 86 C 6643, slip op. at 6, 1989 WL 32875 (N.D.Ill. April 5, 1989); *Tyler v. United Parcel Service, Inc.,* No. 87 C 2311, slip op. at 3, 1987 WL 19553 (N.D.Ill. November 3, 1987). A three prong analysis is employed in determining when the ninety day period begins to run: 1) when the letter is received at the claimant's address by someone other than the claimant, the ninety day period begins to run upon actual receipt of the letter by the claimant; 2) when the claimant is represented by counsel who receives the letter, the filing period begins to run from the day the attorney actually receives the letter; and 3) in other cases the court will adopt a "fault approach", where the statutory period begins to run upon some type of fault on the part of the claimant. *Tyler,* No. 87 C 2311, slip op. at 8–9 (*citing Trinkle v. Bell Litho, Inc.,* 627 F.Supp. 764, 765 (N.D. Ill.1986)).

In the instant case, the first prong is inapplicable, as there is no evidence showing that anyone in plaintiff's household had actual receipt of the letter. Moreover, the second prong is inapplicable, as there is no factual allegation that any attorney representing plaintiff actually received a right-to-sue letter.[1]

■ In *St. Louis v. Alverno College,* 744 F.2d 1314 (7th Cir.1984), the Seventh Cir-

---

1. Throughout its pleadings, the AMA alleges that plaintiff had "retained" counsel for a period from 1986 to 1989. However, in supporting this the defendant points to parts of the record which show that plaintiff had consulted with various attorneys but had not retained one to represent her. The AMA has not disputed plaintiff's assertion that she did not retain counsel prior to July of 1989. *See* Plaintiff's 12(n) statement, p. 4.

cuit held that a plaintiff must take reasonable steps to insure receipt of a right to sue letter; otherwise it will be deemed received at the most recent address provided to the EEOC. *St. Louis*, 744 F.2d at 1317. Claimants who do not receive their right to sue letters, through no fault of their own, should not be penalized for the delay. *Id.* However, if the delay in receiving the right to sue letter is due to the claimaint's own negligence, the ninety day period begins to run when the letter is delivered to the most recent address. *Id. See also Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989).

▆▆▆ In the instant case, two factors lead this court to the conclusion that the three year delay in receiving the June 19, 1986 right to sue latter was due to the fault of plaintiff. First, plaintiff does not dispute the fact that the Postal Service attempted to deliver the right to sue letter to the address provided by the plaintiff on three separate occasions. *See* Defendant's 12(m) Statement, p. 6, par. 44; Plaintiff's 12(n) Statement, p. 3. The law presumes delivery of a piece of mail, when affixed with proper postage and address. *McPartlin v. Commissioner of Internal Revenue Service*, 653 F.2d 1185 (7th Cir.1981); *Tucker v. Secretary of Health and Human Services*, 684 F.Supp. 556, 558 (N.D. Ind.1988). Therefore, any failure to receive a right to sue letter is due to plaintiff's failure to check her mailbox or to pick up the certified mail waiting for her at the post office. *See, Griffin v. Prince William Hospital Corp.*, 716 F.Supp. 919 (E.D. Va.1989).

Second, there is a lengthy lapse of three years between the issuance of the letter and any attempt by plaintiff to secure a right to sue letter. As plaintiff admits in her own affidavit, she made no attempt to contact the EEOC concerning her racial termination charge until June of 1989. The lengthy delay of three years supports the conclusion that plaintiff failed to take rea-

sonable steps to insure delivery of her right to sue letter. Since plaintiff failed to take reasonable steps to insure receipt of her right to sue letter in June of 1986, the ninety day period began to run on June 19, 1986, and expired in September of 1986.[2]

▆▆▆ However, count I of the complaint for racial discrimination is allowable under plaintiff's second, timely, charge of discrimination. The defendant does not allege that Ms. Bond's second charge (051856094) is untimely. Plaintiff, relying on her intake questionnaire, asserts that the second charge (051856094), while not alleging racial discrimination, was meant to allege a charge of racially discriminatory termination. However, defendant contends that count I is based upon charge 05185469, which alleged racially discriminatory denial of promotion and probation. Defendant further argues that plaintiff may not base a claim for racial discrimination on the second charge, as that charge only alleges retaliatory discharge.

▆▆▆ The standard on this issue is well settled in this circuit. A complaint may not encompass allegations which are outside the predicate EEOC charge. *E.E.O.C. v. World's Finest Chocolate, Inc.*, 701 F.Supp. 637, 640 (N.D.Ill.1988) (citing *Babrocky v. Jewel Food Co. and Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir.1985)). However, a claim of discrimination is cognizable if it is "like or reasonably related to the allegations of the charge and growing out of such allegations." *World's Finest Chocolate*, 701 F.Supp. at 640; *Hill v. Human Rights Commission*, 735 F.Supp. 255, 256 (N.D.Ill.1990). Most importantly, "charges are to be construed with the utmost liberality.... and an EEOC complaint contains factual statements only, which may implicate several types of illegal discrimination." *World's Finest Chocolate*, 701 F.Supp. at 640 (citing *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164, 167 (7th Cir.1976)).

---

**2.** The court wishes to make clear that it is not holding that the receipt of a post office notice of an attempt to deliver certified mail amounts to constructive receipt. *See Horsnby v. United States Postal Service*, 787 F.2d 87 (3rd Cir.1986).

Rather the receipt of certified mail notices and the inaction by plaintiff show that the three year delay in receiving the right to sue letter is due wholly to the plaintiff's own negligence.

In the present case, construing the second charge liberally, the scope of the second charge includes both a claim for racial discrimination and retaliatory discharge. Plaintiff's intake questionnaire for that charge indicates that she believes she was discharged both for racial reasons and in retaliation for the earlier filed charge of discrimination. Moreover, while plaintiff's second charge of discrimination does not have the box checked which indicates racial discrimination, it does raise the prior filed charge of racial discrimination. Plaintiff's claim for racial discrimination is closely related to her allegations of retaliatory discharge and can reasonably grow out of the allegations of the second timely filed charge. Therefore, plaintiff has filed a timely charge of discrimination which encompasses a claim for racial discrimination, and defendant's motion for summary judgment on count I is denied.[3]

IT IS SO ORDERED.

---

**3.** The court notes that, in her responsive pleading, plaintiff, citing no basis in fact or law, asks for sanctions against defendant for the bringing of this motion. See Plaintiff's Memorandum in Opposition, p. 4, 14–15. The court reminds plaintiff's counsel that a frivolous motion for sanctions is, in itself, sanctionable. *See Alliance*

*to End Repression v. City of Chicago,* 899 F.2d 582, 583 (7th Cir.1990) (Hair-trigger motions for sanctions by lawyers who do not recognize [the difference between vigorous advocacy and frivolous conduct] are themselves sanctionable). The motion for sanctions is denied.