Hans VAN BLYENBURGH, Plaintiff,

v.

**ABBOTT LABORATORIES and Ivan Kolesik, Defendants.**

**No. 94 C 5976.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 13, 1995.

---

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge:

Plaintiff Hans Van Blyenburgh brings this four count action, alleging that he was discriminated against on the basis of age, national origin, and disability, and claiming that defendants violated the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Presently before the court is defendants' motion to dismiss Count I of the complaint, which we have converted to a motion for summary judgment. For the reasons set forth below, defendants' motion is granted.

## I. Background

On October 2, 1992, plaintiff Hans Van Blyenburgh filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). On the charge form, Van Blyenburgh checked the boxes marked "AGE" and "DISABILITY" as the basis for the alleged discrimination. He did not check the box marked "NATIONAL ORIGIN." In the charge, he explained the "particulars" of the alleged discrimination as follows:

> Discrimination due to age—over 50 years old and discharged; job was replaced by an individual who is younger, and no valid reason for discharge was ever given.

> Employee Van Blyenburgh was handicapped and was discharged in part due to status as handicapped person.

> The privacy of Mr. Van Blyenburgh was invaded by the employer consultation and review of confidential medical records of employee.

Van Blyenburgh provided no further allegations or elaboration in his charge to the EEOC.

After receiving a right to sue letter, Van Blyenburgh filed the present action, including claims based on the alleged age and disability discrimination identified in his EEOC charge, as well as a claim based on

Edward F. Diedrich, Edward F. Diedrich & Associates, DeKalb, IL, for plaintiff Hans Van Blyenburgh.

Eric S. Palles, Abbott Laboratories, Abbott Park, IL, Stephanie G. Bradley, William R. Jackson, Jr., Bradley & Jackson, Evanston, IL, for defendants Abbott Laboratories, Ivan Kolesik.

national origin discrimination.[1] Defendants moved to dismiss, asserting that the national origin claim had not been presented in the EEOC charge. In support, they attached a copy of the charge to their motion to dismiss. Noting that the charge had not been attached to the complaint, and that it was only referred to in passing in the text of the complaint, we questioned whether the issue was appropriately raised in a motion to dismiss. In an overabundance of caution, we converted defendants' motion to a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b), and provided both parties an opportunity, as required by that rule, to supplement the materials they had already provided the court.[2] The parties have essentially rested on their previous filings, and we therefore reach the merits of the summary judgment motion.

## II. Summary Judgment Standard

■ Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact, and . . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991).

## III. Discussion

■ As noted in our earlier opinion, filing of a charge of discrimination with the EEOC is a condition precedent to filing a lawsuit in federal court. *See Van Blyenburgh*, No. 94 C 5976, slip op. at 1. There are two reasons for this requirement: "it gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992) (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985)). As a result, "the scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC." *Rush*, 966 F.2d at 1110. Claims of discrimination that are cognizable are limited to those that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Babrocky*, 773 F.2d at 864 (internal quotations omitted).

■ As discussed above, the only boxes Van Blyenburgh marked on the EEOC charge were sex and disability; the national origin box was not checked. Van Blyenburgh argues, however, that we should look beyond the boxes checked and consider the totality of his EEOC charge. While we have no quarrel with this assertion, *see, e.g., Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir.), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976), it is of no assistance to Van Blyenburgh. The "particulars" he offered make no mention, either directly or indirectly, of discrimination on the basis of national origin. This case is thus clearly distinguishable from *Jenkins*, the only case he cites in opposing defendants' motion. In *Jenkins*, the plaintiff filed an EEOC charge in which she checked "Race"

---

1. He also claims a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2. Only motions brought under Fed.R.Civ.P. 12(b)(6) may be converted to motions for summary judgment. *See* Fed.R.Civ.P. 12(b). Although defendants' motion was originally brought under Rule 12(b)(1) (lack of subject matter jurisdiction), we noted in our order of February 16, 1995 that the Title VII filing requirement is not a jurisdictional prerequisite, and that defendants' motion was appropriately grounded in Rule 12(b)(6) (failure to state a claim upon which relief can be granted). *See Van Blyenburgh v. Abbott Labs.*, No. 94 C 5976, 1995 WL 76868 (N.D.Ill. Feb. 17, 1995).

81

as the basis of defendants' discrimination. In her explanation, she related various instances of racially stereotypical remarks and actions. In addition, she stated that her supervisor had accused her of being "the leader of the girls on the floor." *Id.* at 167. On the basis of this latter statement, the Seventh Circuit concluded that the plaintiff had adequately presented the issue of sex discrimination to the EEOC, notwithstanding her failure to mark the appropriate box. *Id.* at 169. *See also EEOC v. World's Finest Chocolate, Inc.,* 701 F.Supp. 637, 640 (N.D.Ill. 1988) (allegation in EEOC charge that "Respondent has not hired a black female for factory work" was sufficient to implicate both race and gender discrimination, although only "race discrimination" box was checked).

■ Jenkins' only response is that his statement that his "job was replaced by an individual who is younger, and no valid reason for the discharge was ever given" is broad enough to encompass national origin discrimination. However, the Seventh Circuit has consistently required a greater level of specificity than that provided by the blanket statement identified by Van Blyenburgh. For example, in *Rush v. McDonald's Corp.,* 966 F.2d 1104 (7th Cir.1992), the plaintiff filed a charge of discrimination and supporting affidavit with the EEOC. She noted that she had been a part-time employee, and then a full-time employee, of defendant, and that she had been terminated. She also challenged the defendant's promotion policies. Her charge concluded with the statement "I believe that I have been discriminated against because of my race, Black." *Id.* at 1108 n. 9.

The plaintiff subsequently filed a federal action alleging, in addition to the items listed in her charge, that she had been subjected to racial harassment. The district court dismissed the harassment claim, concluding that it did not fall within the scope of plaintiff's EEOC charge. The Seventh Circuit affirmed:

> [T]he requirement of some specificity in the charge is not a "mere technicality." Some detail, beyond a statement that "I believe I have been discriminated because of my race, Black" is necessary to allow

the agency to perform its statutory duty. . . .

> We hold that it will not suffice to file general charges with the EEOC, as was done here, and then to expect that this allegation will permit all claims of race-based discrimination in a subsequent lawsuit. Therefore, we conclude that the claim under Title VII, premised on alleged racial harassment, was properly dismissed.

*Id.* at 1111–12. Although *Rush* dealt with various types of race-based discriminatory action, as opposed to various bases for the same discriminatory action, the principles espoused in *Rush* apply with equal, if not greater, force in the present action. Because Van Blyenburgh utterly failed to indicate to the EEOC that his national origin was a basis for the alleged discrimination, he can not bring a claim based on national origin discrimination here. Accordingly, defendants are entitled to summary judgment on Count I.

## IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss, which we have converted to a motion for summary judgment, is granted. It is so ordered.