Conrad E. POLE, Plaintiff,

v.

CITIBANK, N.A., Jeri Fried, Stephen Dodson and Lloyd P. Swenson, Defendants.

No. 82 Civ. 6096 (MEL).

United States District Court, S.D. New York.

Feb. 25, 1983.

Matthew A. Kaufman, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants; Bettina B. Plevan, New York City, Teresa M. Holland, of counsel.

LASKER, District Judge.

Conrad E. Pole sues Citibank, N.A. ("Citibank") and four of its employees, alleging that his employment at Citibank was terminated because of racial discrimination in violation of, *inter alia,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Citibank moves to dismiss on the grounds that the action was not timely filed. On August 1, 1980, Pole filed charges against Citibank with the New York State Division of Human Rights. His claim was dismissed on July 20, 1981. The records of the Equal Employment Opportunity Commission ("EEOC") reflect that Pole's right to sue notice was sent to him by certified mail, return receipt requested, on September 30, 1981. The Post Office delivered notices of attempted delivery on October 2nd and October 7, 1981, but the letter was never claimed. In June, 1982, counsel for Pole contacted the EEOC to determine the

status of the case. He was told that the case was closed, and he received a copy of the right to sue letter on June 21, 1982. This action was filed on September 14, 1982.

The original right to sue notice was sent to an address in the Bronx which Pole had given to the EEOC, at which he had been living with his brother since 1974. In October or November, 1981, Pole began to live with his fiancee, although, according to his affidavit, he returned to the Bronx apartment weekly to visit friends and relatives and to pick up his mail.

■ A Title VII plaintiff is allowed ninety days to file an action from the time that notice of his right to sue is given by the EEOC. Citibank contends that the ninety day period commenced October 2, 1981, the date that the attempted delivery of Pole's right to sue letter was made. Citibank relies on the doctrine of "constructive receipt," and argues that a plaintiff is deemed to have received the notice at the time he would have received it if not for his negligence in failing to take reasonable steps to insure proper receipt. Citibank contends that Pole was negligent in failing to notify the EEOC that he had changed his principal address, in failing to claim the right to sue letter, and in failing to check with the EEOC earlier as to the status of his case.

Pole answers that the doctrine of constructive receipt is in disrepute, but that, regardless of its general applicability, it would not apply in this case because the fact that he never received the notice was not due to any fault of his.

We need not reach the question of the applicability of the doctrine of constructive receipt because we agree with Pole that Citibank has not established any lack of diligence on Pole's part. The case on which Citibank places primary reliance, *Lewis v. Conners Steel Co.,* 673 F.2d 1240 (11th Cir. 1982), holds that a plaintiff must bear the "de minimis burden" of taking "reasonable steps to ensure delivery of [EEOC] notice[s]

to his current address." However, "if the plaintiff can establish that it was through no fault of his" that he failed to receive the letter, the ninety day period will not begin to run until he actually receives the letter. *Id.* at 1243.

■ On the present record, Pole appears to have taken all reasonable steps to ensure delivery of his mail. Although he changed his place of primary residence, his brother has remained at the Bronx address and collects his mail for him, which Pole picks up every week. Moreover, Pole states that he continues to consider the Bronx address to be one of his residences: he pays his portion of the rent and utilities and he votes in Bronx County.

The purpose for which the EEOC requires information as to a complainant's current address is for notification purposes. Pole provided an address at which he could receive notice, and, as a matter of law, it made no difference whether the address provided was his principal address, his business address or, for that matter, a post office box.

■ The question remains whether Pole delayed for an unreasonably long period in checking with the EEOC as to the status of his case. We think not. Pole asked about the status of his case eleven months after the Human Rights Division dismissed the charges against him. While EEOC dispositions following dismissals by the Human Rights Division are often expeditious, we take judicial notice that many cases require extensive periods of time to resolve. Furthermore, Pole's attorney had a right to believe he would be notified when the case was concluded. Moreover, Citibank has not indicated that the less than one year delay at issue here has caused it any prejudice.

Accordingly, the motion to dismiss Pole's Title VII action is denied.[1]

It is so ordered.

---

1. Citibank has requested that, if the motion to dismiss is denied, a hearing should be held on the question presented above, following limited discovery. We see no present need for a hear-ing. However, under the Federal Rules of Civil Procedure, Citibank will of course have the right to question Pole on the statements made in his affidavit.