**Alfred ST. LOUIS, Plaintiff-Appellant,**

v.

**ALVERNO COLLEGE, Defendant-Appellee.**

No. 83–2903.

United States Court of Appeals, Seventh Circuit.*

Submitted Aug. 22, 1984.

Decided Oct. 2, 1984.

Rehearing Denied Oct. 29, 1984.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). The plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Alfred St. Louis, pro se.

David E. Jarvis, Quarles & Brady, Milwaukee, Wis., for defendant-appellee.

Before WOOD, ESCHBACH and FLAUM, Circuit Judges.

ESCHBACH, Circuit Judge.

Plaintiff Alfred St. Louis brought this action against his former employer, Alverno College, after he was discharged from his teaching position at the College in 1973. Plaintiff filed a timely charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC" or "Commission"); the EEOC deferred acting on his charge until the Equal Rights Division ("ERD") of the Wisconsin Department of Industry, Labor and Human Relations completed its investigation. In 1979 the ERD dismissed plaintiff's complaint on the merits. St. Louis exhausted his state administrative remedies after which the EEOC, on June 30, 1981, determined that no reasonable cause existed to believe that plaintiff's charge was true. The same day, the EEOC sent St. Louis by certified mail a notice of right-to-sue which stated that St. Louis had ninety days from the date of receipt of the notice to seek judicial review of the EEOC's determination.[1] The right-to-sue letter and the no-reasonable-cause determination were mailed to a Milwaukee address but were returned to the EEOC because St. Louis no longer lived at that address. St. Louis moved from Milwaukee to Texas in 1975 but did not inform the EEOC of his change of address.

In March 1982, an attorney contacted the EEOC on behalf of the plaintiff and was informed that the right-to-sue letter had been issued the previous June. Copies of the determination letter and right-to-sue letter were sent to plaintiff in Texas and he filed a *pro se* complaint within ninety days of his receipt of those documents.

St. Louis asserts that his failure to file this action for nearly a year after the right-to-sue letter was issued should be excused because he never received the EEOC's first mailing. Plaintiff admits that he did not notify the EEOC formally that he had moved to Texas, but claims that the EEOC had this information anyway: the EEOC

---

1. 42 U.S.C. § 2000e–5(f)(1) (1982) provides in part that the Commission shall notify the complainant when a charge is dismissed if there is no reasonable basis to believe that the charge is true and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...."

file contained two documents from the Wisconsin administrative proceedings which had plaintiff's Texas address.

The district court held that St. Louis was responsible for informing the EEOC of his current address and that the delay in filing this action resulted from plaintiff's own negligence in fulfilling that responsibility. Accordingly, the court dismissed plaintiff's complaint.

### I.

■■■■ This court held in *Archie v. Chicago Truck Drivers Union*, 585 F.2d 210 (7th Cir.1978),[2] that the ninety-day limit of 42 U.S.C. § 2000e–5(f)(1) begins running on the date a claimant actually receives the notice of right-to-sue issued by the EEOC. St. Louis contends essentially that the first notice mailed by the EEOC here should be treated as a nullity since he never received it; under *Archie*, he argues, the filing deadline did not begin to run until plaintiff actually received the notice in March 1982. We disagree.

Both *Archie* and the case it relied on heavily in arriving at the holding just stated, *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir.1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976),[3] involved the issue of constructive receipt. In *Archie*, the plaintiff's wife received the notice of right-to-sue ten days before she gave it to him. In *Franks*, the notice was received and subsequently lost by plaintiff's nine-year-old nephew. Both courts held that the doctrine of constructive receipt did not apply; the time period did not begin running until the plaintiff actually received the right-to-sue letter.[4] The rationale for the holdings was that a plaintiff should not lose the right to sue because of fortuitous circumstances or events beyond his or her control which delay receipt of the EEOC's notice. *Archie*, 585 F.2d at 215; *Franks*, 495 F.2d at 404. Plaintiff seeks to fit within these cases by asserting that the EEOC's negligence (an event beyond his control) caused his delayed receipt of notice of right-to-sue.

Since 1977 people who have filed charges with the EEOC have been required to notify the Commission of any change of address. 42 Fed.Reg. 47,833 (Sept. 22, 1977). The regulation, 29 C.F.R. § 1601.7(b) (1981), makes mandatory that which was dictated already by common sense. The regulation provides that a person who has filed a Title VII charge "has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." *Id.*

The burden of providing the EEOC with changes of address is minimal. It is unreasonable to expect the EEOC to pore over its files, and those of state administrative agencies, in an effort to ascertain which of

---

**2.** In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the requirement that a charge be filed with the EEOC within 180 days of the alleged discriminatory act, *see* 42 U.S.C. § 2000e–5(e), is not a jurisdictional prerequisite to bringing suit; rather, the 180-day limit is akin to a statute of limitations and subject to waiver, estoppel and equitable tolling. The rationale used in *Zipes* means that the statement in *Archie* that compliance with the ninety-day limit of § 2000e–5(f)(1) is a jurisdictional prerequisite to suit, 585 F.2d at 214, is no longer good law. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 2395 n. 3, 76 L.Ed.2d 628 (1983); *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir.1984) (per curiam); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984). There is no basis for equitable tolling in this case. *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir.1983).

**3.** *See* 585 F.2d at 215–16 for *Archie*'s discussion of *Franks*.

**4.** In *Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir.1984) (per curiam), also decided today, we hold that the doctrine of constructive receipt can apply in situations where a claimant's attorney receives the right-to-sue letter. The critical factor in our analysis there is that notice to an attorney gives the claimant actual knowledge that the ninety-day filing period has begun running. *Id.* at 1313. Notice to a claimant's attorney is as good as notice to the client for purposes of the filing deadline.

 

the addresses contained therein is correct. We would then undoubtedly hear cases in which the EEOC had made a good-faith effort to find a claimant's current address but had guessed wrong and sent the notice to the wrong place. The claimant is obviously in a far better position to ensure that the Commission has current, accurate information and to provide that information in much less time than it would take an EEOC employee to go through the claimant's file. Other courts facing this issue have arrived at the same conclusion. *See Lewis v. Connors Steel Co.,* 673 F.2d 1240, 1243 (11th Cir.1982) (per curiam); *Fields v. Hoerner Waldorf Corp.,* 33 FEP Cases 1471, 1472 (N.D.Ala.1980); *Epstein v. Armstrong Cork Co.,* 21 FEP Cases 161 (D.Mass.1979). *Cf. Harper v. Burgess,* 701 F.2d 29, 30 (4th Cir.1983); *Pole v. Citibank, N.A.,* 556 F.Supp. 822, 823 (S.D.N.Y. 1983).

Our holding today is consistent with *Archie.* If plaintiff had notified the EEOC that he had moved or had taken reasonable steps to ensure that he would receive mail delivered to the Milwaukee address, *see, e.g., Pole,* 556 F.Supp. at 823, his failure to receive the notice might come within the holding of *Archie.* But the basis for our decision there, and the Fifth Circuit's decision in *Franks,* was that claimants who do not receive actual knowledge of their right-to-sue letter through no fault of their own should not be penalized. In this case, however, plaintiff's failure to tell the EEOC that he had moved was not an event beyond his control. Accordingly, we hold that the ninety-day limit began running on the date the notice was delivered to the most recent address plaintiff provided the EEOC. *Cf. Lewis,* 673 F.2d at 1243; *Franks,* 495 F.2d at 405. Under the circumstances of this case, the district court

did not err in dismissing the case for failure to file suit within the ninety days provided in the statute.

## II.

 Plaintiff's *pro se* complaint contained two claims: a Title VII claim which we have already discussed and a claim under 42 U.S.C. § 1981. The district court correctly dismissed the latter because claims of sex discrimination are not cognizable under § 1981; the section applies only to alleged discrimination on the basis of race or alienage. *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976); *Bell v. City of Milwaukee,* 746 F.2d 1205, at 1259 (7th Cir.1984).[5]

The judgment of the district court is AFFIRMED.

---

5. St. Louis contends that the only reason he cited § 1981 in his complaint was that he was directed to do so by the EEOC. The record bears him out in this regard; a letter from an EEOC Compliance Manager to St. Louis, advising plaintiff how to fill out a form complaint, states that the complaint must contain "the following exact reference": 28 U.S.C. § 1343(IV); 42 U.S.C. § 2000e *et seq.;* and 42 U.S.C. § 1981.

St. Louis followed these instructions to the letter. Plaintiff does not, however, state what statutory claim he would have raised had the EEOC not misinformed him about § 1981; indeed, it does not appear that the allegations of the complaint would suffice to state a claim under any other section of the United States Code besides Title VII.