72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Lois M. TRASK, Plaintiff-Appellant,
v.
James FOSTER, Illinois Department of Rehabilitative
Services, and Delores Showalter, Defendants-Appellees.
 No. 94-2984.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1995.*
Decided Nov. 8, 1995.
 
 Before FLAUM, Circuit Judge, MANION, Circuit Judge, DIANE P. WOOD, Circuit Judge.
 
 ORDER
 I.
 
 1
 Lois Trask appeals from the district court's dismissal of her employment discrimination suit brought under Title VII, 42 U.S.C. Secs. 2000e to 2000e-17. The district court found that Trask's claims were time-barred. We vacate in part and remand.
 
 
 2
 Trask has worked since 1985 for the Illinois Department of Rehabilitative Services. She alleges that after she terminated an "on and off" intimate relationship with her supervisor, James Foster, in late 1990, he attempted to coerce her into resuming the relationship by taking various adverse employment actions against her. She filed two charges of discrimination on independent grounds with the Equal Employment Opportunity Commission (EEOC) on January 27, 1987, ("Charge I") and May 22, 1991 ("Charge II").
 
 
 3
 The EEOC determined that it would not bring suit on Trask's behalf for either charge. The agency issued a Notice of Right to Sue (a "right-to-sue letter") on Charge I, which Trask received on September 22, 1989.[1] The EEOC also sent her a right-to-sue letter by certified mail for Charge II on March 19, 1992, but it was returned by the Postal Service as unclaimed. The EEOC reissued the letter to the same address, and Trask received the copy on August 8, 1992. She filed suit in district court on September 1, 1992.
 
 
 4
 During nearly two years of pretrial proceedings, the district court permitted three sets of appointed counsel to withdraw, in each case because they and Trask were unable to maintain an effective attorney-client relationship. Trask did not respond to defendants' discovery request tendered in February 1993. Defendants ultimately moved to dismiss, arguing that both of her claims were barred because she failed to bring suit within 90 days of receiving each right-to-sue letter.[2] Trask filed a memorandum in opposition, but argued merely that she had filed suit within 90 days of receiving the second and final Charge II letter.
 
 
 5
 On July 28, 1994, the trial court granted defendants' motion, finding that both of Trask's claims were barred by Title VII's 90-day time limit.[3] The court determined that Trask's three-year delay in bringing suit on Charge I barred the claims derived from it.[4] The court also found that Trask was responsible for her failure to receive the March 1992 right-to-sue letter on Charge II. Under this view, the 90-day limit began to run when Trask should have received the March letter, and not when she admittedly received the reissued letter in August 1992. Thus the court concluded that Charge II was time-barred well before Trask commenced suit in September.
 
 II.
 
 6
 We review de novo a grant of a motion to dismiss for failure to state a claim, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991). A motion to dismiss will be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir.1988). If "matters outside the pleading are presented to and not excluded by the court" in connection with a motion to dismiss, the district court must treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed.R.Civ.P. 12(b). Failure to make this conversion and to provide litigants with appropriate notice to permit supplementation of the record can, if prejudicial, constitute reversible error. Beam, 838 F.2d at 244; Burick v. Edward Rose & Sons, 18 F.3d 514, 516 (7th Cir.1994); Fleischfresser v. Directors of School District 200, 15 F.3d 680, 684-85 (7th Cir.1994).
 
 
 7
 The record upon which the trial court ruled included more than the pleadings and the parties' briefs. With their motion to dismiss, the defendants included an affidavit of a Justice Department employee, Rita Wilson, stating that the March 1992 letter was properly sent.[5] The defendants' affidavit is troublesome because it was "presented to and not excluded by the court," and was relied upon by the district court in reaching its decision.
 
 
 8
 Because factual allegations in the complaint are preliminarily taken to be true, dismissal for untimeliness is appropriate only where the facts comprising the defense appear on the face of the complaint. R.J.R. Services, Inc. v. Aetna Casualty and Surety Co., 895 F.2d 279, 281 (7th Cir.1989); EEOC v. Park Ridge Public Library, 856 F.Supp. 477 (N.D.Ill.1994); 2A James W. Moore et al., Moore's Federal Practice p 12.10 (2d ed. 1979); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1357, at 352-54 (2d ed. 1990). Here the grounds for finding the claim untimely were not apparent until raised by the defendants' motion and affidavit. Therefore, we must review the district court's grant of dismissal as if the motion had been formally converted to one for summary judgment.
 
 
 9
 As with a grant of dismissal, we review a grant of summary judgment de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A motion for summary judgment shifts the burden to the nonmovant to show that a triable issue of fact remains on issues for which the nonmovant bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 10
 The critical issue concerns when Charge II's 90-day time limit began to run. This circuit has held that Title VII's 90-day limit begins to run upon the plaintiff's "actual receipt" of the right-to-sue letter. Archie v. Chicago Truck Drivers Union, 585 F.2d 210, 216 (7th Cir.1978) (where right-to-sue letter was received by plaintiff's wife, 90-day period began to run on date wife gave letter to plaintiff). In Archie, we expressly rejected a constructive receipt doctrine, reasoning that it would undermine the remedial purposes of the statute. Id. Nevertheless, in St. Louis v. Alverno College, 744 F.2d 1314 (7th Cir.1984), we held that the claimant must take reasonable steps to ensure receipt of the right-to-sue letter. Id. at 1317. We explained that the basic principle behind Archie is that "claimants who do not receive actual knowledge of their right-to-sue letter through no fault of their own should not be penalized." Id.
 
 
 11
 On appeal, Trask alleges in substance that she did not receive the first letter. In her reply, she asserts for the first time that she visited the EEOC in July 1992 to inquire why she had not heard from them. These arguments should have been made to the district court and might have been sufficient, if credited, to oppose summary judgment. Although we of course express no view as to the merit of Trask's assertion of due diligence, we cannot say with confidence that she was not prejudiced by the district court's failure to give her notice that it was considering matters beyond the sufficiency of the pleadings.[6]
 
 
 12
 "The law presumes delivery of a properly addressed piece of mail." McPartlin v. Commissioner, 653 F.2d 1185, 1191 (7th Cir.1981); see also Godfrey v. United States, 997 F.2d 335, 338 (7th Cir.1993). The Wilson affidavit states that the March letter was properly sent and duly returned by the Postal Service. Was the certified letter refused? Was a subsequent notice of attempted delivery ignored? Or was Trask unaware that the initial letter was sent? It is now incumbent upon Trask either to challenge the sending of the March letter or to show that she was not at fault for failing to claim it. The fault doctrine is intended only to protect the claimant against "fortuitous circumstances or events beyond his or her control which delay [or prevent] the receipt of the EEOC's notice." St. Louis v. Alverno College, 744 F.2d at 1316. On remand, the district court can properly develop this issue.
 
 
 13
 The judgment of the district court with regard to Charge II is VACATED and the cause REMANDED for further proceedings consistent with the views expressed herein.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Title VII requires an aggrieved party to file a charge of discrimination with the EEOC before going to court. 42 U.S.C. Sec. 2000e-5(e)(1). If the EEOC dismisses the charge, it informs the claimant by certified mail that a civil action may be brought against the employer within 90 days of receipt of the letter. 42 U.S.C. Sec. 200e-5(f)(1). Like a statute of limitations, compliance with the 90-day time limit is a "condition precedent" to filing suit, and is subject to equitable modification. Perkins v. Silverstein, 939 F.2d 463, 470 (7th Cir.1991)
 
 
 [2]
 The defendants moved to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that Trask's claims were untimely. The court observed that the 90-day time limit contained in Title VII is not jurisdictional, but instead functions similarly to a statute of limitations, see St. Louis v. Alverno College, 744 F.2d 1314, 1316 n. 2 (7th Cir.1984) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)), and therefore treated the motion as if made pursuant to Rule 12(b)(6)
 
 
 [3]
 The district court stated that it was dismissing Trask's second amended complaint, although the court had earlier permitted her to withdraw it. Because the first and second amended complaints are in all relevant respects identical, the error was harmless
 
 
 [4]
 On appeal, Trask has conceded that suit on Charge I is time-barred
 
 
 [5]
 Trask submitted a copy of the August 1992 right-to-sue letter, but this exhibit poses no problem under Rule 12(b) because it is viewed as part of her pleadings. Fed.R.Civ.P. 10(c)
 
 
 [6]
 The EEOC should be faulted for mechanically using a form letter to notify claimants of their right to sue, even when it is aware that the letter has been previously issued. By so doing, the EEOC causes unnecessary confusion and may lull some claimants into forfeiting their right to sue