124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lois TRASK, Plaintiff-Appellant.
v.
James FOSTER, ILLINOIS DEPARTMENT OF REHABILITATION
SERVICES, Delores SHOWALTER, Defendants-Appellees..
 United States Court of Appeals, Seventh Circuit.
 Decided June 24, 1997.
 Submitted June 23, 1997*
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. Division.
 
 
 2
 Before COFFEY, FLAUM, and KANNE, C.J.
 
 ORDER
 
 3
 HOLDERMAN.
 
 
 4
 Lois Trask sued the defendants for violating rights secured to her by Title VII, 42 U.S.C. § 2000e-5 et seq. The district court dismissed the case because Trask did not file suit within 90-days of receiving her right-to-sue letter as required by § 2000e-5(f)(l). We affirm.
 
 
 5
 Trask filed various charges against the defendants with the EEOC. On March 19, 1992, the Department of Justice sent, by certified mail, a right-to-sue letter to Trask at the address she had provided during the charging process. The letter was returned unclaimed because Trask no longer resided at the address she had provided. On July 30, 1992, the Department reissued the letter to the same address. This time, Trask received it and filed suit on September 1, 1992.[1]
 
 
 6
 The district court found that Trask was at fault for the failed delivery because she did not notify the EEOC when she moved from the address she had provided them. Therefore. relying on St. Louis v. Alverno College, 744 F.2d 1314 (7th Cir.1984), the court held that the 90-day limitation period began to run upon the first, unsuccessful delivery. Because Trask filed suit outside the limitations period, the court dismissed her suit.
 
 
 7
 Trask challenges the evidentiary basis for the district court's decision. She claims that the court did not consider her testimony that she had been diligent in pursuing her rights with the EEOC. However, review of this claim is impossible because she failed to include a transcript of the district court hearing in the appellate record. Therefore, this claim is dismissed. See LaFotlette v. Savage, 63 F.3d 540, 544-45 (7th Cir.1995) (dismissing appeal because absence of relevant transcripts precluded meaningful appellate review) Woods v. Thieret, 5 F.3d 244. 245 (7th Cir.1993) (same).
 
 
 8
 Trask then claims that dismissal of her suit was too severe a punishment for her transgression. She asserts two bases for this claim: first, she did not actually receive the first right-to-sue letter; and second, she promptly filed suit when she did actually receive the letter. Essentially, she argues that it is unfair to bar her suit. But the EEOC regulations are clear: "The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change of address ... so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R § 1601.7(b). Here, as in Alverno College, Task's failure to inform the EEOC of her new address was not an event beyond her control making it unfair to hold her accountable to the 90-day limitation period. See Alverno College, 744 F.2d at 1317. "Accordingly, ... the ninety-day limit began running on the date the notice was delivered to the most recent address plaintiff provided the EEOC." Id. Trask did not file suit within 90 days of that date and. therefore, the district court did not err in dismissing the case.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P.34(a); Cir.R. 34(f)
 
 
 [1]
 Trask is before this court for the second time. Trask v. Foster, No. 94-2984, 1995 WL 730822 (7th Cir. Dec. 8, 1995) (unpublished order). During her first appeal, we vacated part of the district court's judgment and remanded with instructions to hold a hearing on the issues of whether the Department actually sent a right-to-sue letter on March 19.1992 and, if it did, whether Trask was at fault for failing to claim it. Id. at ---3