# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-1979

Y. SANDRA RESCHNY, formerly
known as Y. SANDRA CURRAN,

*Plaintiff-Appellant,*

v.

ELK GROVE PLATING COMPANY,
an Illinois corporation,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 99 C 7398—**James B. Zagel**, *Judge.*

———————

ARGUED NOVEMBER 30, 2004—DECIDED JULY 15, 2005
AMENDED AUGUST 5, 2005

———————

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-Appellant Sandra Curran, now Sandra Reschny, sued defendant-appellee Elk Grove Plating ("Elk Grove"), alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1991. The district court found that Reschny's claim

was time-barred and granted summary judgment in favor of Elk Grove. We affirm.

## I. Background

Elk Grove hired Reschny as a receptionist on August 18, 1994. She claims that her supervisors sexually harassed her until she felt compelled to resign on September 11, 1995. On September 13, 1995, Reschny filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against Elk Grove. During the EEOC's investigation, she retained Ronald E. Stackler of the law firm of Stackler & Stackler, to represent her. On or about December 29, 1995, a lawyer at that firm wrote to inform the EEOC that Stackler & Stackler would be representing Reschny in her lawsuit and to provide the firm's contact information. The letter further advised that attorney Arnold Landis also represented Reschny, but no address for Landis was given.

In April of 1997, Reschny moved to 2115 South Tonnie Road in Arlington Heights, Illinois. Sometime prior to April 30, 1998, Reschny moved again, but she did not contact the EEOC to update her address until October of 1999.

On April 30, 1998, the EEOC sent a Notice of Right to Sue letter to Stackler & Stackler; a copy was not sent to Reschny, although the notice sent to Stackler & Stackler indicated that the most current address the EEOC had for Reschny was on South Tonnie Road. The post office returned the notice to the EEOC because Stackler & Stackler had closed for business. A year and-a-half later, Reschny called the EEOC to inquire about her claim. Pursuant to her call, on November 1, 1999, she received a copy of the notice that previously was sent to Stackler & Stackler. Reschny filed suit on November 12, 1999.

After discovery, Elk Grove moved for summary judgment, arguing that Reschny's complaint was filed beyond the 90-day limit set in 42 U.S.C. § 2000e-5(f)(1). The district court granted the motion.

## II.  Discussion

Reschny contends that the district court erred as a matter of law in holding that the 90-day period to file suit commenced on April 30, 1998, because neither she nor her attorneys actually received the EEOC's notice until November 1, 1999. She also argues that she could not have been in constructive receipt of the notice on April 30, 1998, because it was delivered to Stackler & Stackler alone, which by that point had stopped representing her. We review the district court's grant of summary judgment *de novo. Castellano v. Wal-Mart Stores, Inc.*, 373 F.3d 817, 819 (7th Cir. 2004). In so doing, we construe all facts in Reschny's favor. *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

Title VII provides that the EEOC shall notify the person aggrieved of her right to sue, "and [that] within ninety days after the giving of such notice, a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1). This court held in *Archie v. Chicago Truck Drivers*, 585 F.2d 210, 216 (7th Cir. 1978), that actual receipt of the notice is required to start running the 90-day clock. We clarified that rule in *Jones v. Madison Serv. Corp.*, 744 F.2d 1309 (7th Cir. 1984), and *St. Louis v. Alverno Coll.*, 744 F.2d 1314 (7th Cir. 1984). In *Jones*, we held that two types of receipt of a notice can start running the 90-day limitation period, and each does so equally well: actual receipt by the plaintiff, and actual receipt by the plaintiff's attorney, which constitutes constructive receipt by the plaintiff. *Id.*, 744 F.2d at 1312; s*ee also Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (citing *Jones*, 744 F.2d at 1312). In *Alverno*

*Coll.*, we held that when the notice is delayed by fault of the plaintiff, the constructive receipt doctrine applies and the 90-day clock starts running once delivery is attempted at the last address provided. *Id.*, 744 F.2d at 350. Under *Jones*, Ronald E. Stackler stood in Reschny's shoes for purposes of receiving the EEOC's notice. His negligence in failing to apprise the EEOC of his change of address does not toll the period of limitations. That he might not have acquired a new address, as Reschny argues, is irrelevant because he was still responsible for notifying the EEOC of changes to his contact information. His neglect puts this case squarely within the holding of *Alverno Coll.*

Reschny argues that she could not have been in constructive receipt of the notice when delivery was attempted to Stackler & Stackler because it had abandoned her representation when it filed for bankruptcy and closed its doors. She relies on an unpublished district court order, *Davis v. Panasonic Co., U.S.A.*, No. 02 C 1431, 2002 WL 31415726 (N.D.Ill. Oct. 28, 2002), for this proposition. In *Davis*, the EEOC sent notices to the attorney only, who by that point had stopped representing the plaintiff. Those notices were returned, despite the fact that the attorney still resided at the address that had been provided. Meanwhile, the plaintiff contacted the EEOC within approximately 90 days of when delivery of the initial notice was attempted. The district court recognized the rule that an attorney must take reasonable steps to ensure notice is received and that an attorney's negligence in this regard generally does not toll the limitations period. *Id.*, 2002 WL 31415726, at *2 (citing *Newson v. Am. Nat'l Can Co.*, 2001 WL 1555200, at *5 (N.D.Ill. 2001)). However, because there was no evidence of neglect and the plaintiff tried to file suit in a timely manner, the district court held that the plaintiff was not in constructive receipt of the notice. *Id.*, 2002 WL 31415726, at *2-3.

We, of course, are not bound by the decisions of the district court. Even if we were persuaded by the district court's decision in *Davis*, it is of no assistance to Reschny because there was no evidence that Davis or her attorney was responsible for the delay. Rather, Davis actively pursued litigation during the 90 days following the initial, attempted delivery of the notice, despite the confusion surrounding her attorney. *Davis*, 2002 WL 31415726, at *2-3. Here, by contrast, Reschny and her attorneys failed to update their addresses, and she waited a year and-a-half before inquiring of the EEOC about the status of her claim. This negligence brought the constructive receipt doctrine into play and started running the 90-day limitation period in April of 1998.

Reschny contends that she should not be penalized for the delay because the EEOC violated its regulations by not sending her a copy of the notice on April 30, 1998. She relies upon 29 C.F.R. § 1614.605(d) (1999), which states in relevant part, "When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant . . . ." But that language was not in effect in April 1998; at that time, the regulation read: "When the complainant designates an attorney as representative, service of all documents and decisions on the complainant shall be made on the attorney *and not on the complainant*, and time frames for receipt of materials by the complainant shall be computed from the time of receipt by the attorney." 29 C.F.R. § 1614.605(d) (1998) (emphasis added); *see also* Rules and Regulations: Equal Employment Opportunity Commission, 64 Fed. Reg. 37644, 37661 (July 12, 1999) (to be codified at 29 C.F.R. pt. 1614). Because Stackler & Stackler was designated as Reschny's attorney, the EEOC was not obligated to send her a copy. Therefore, the EEOC did not violate its rules when on April 30, 1998, it sent the notice to Stackler & Stackler only.

The language of the regulation aside, it is somewhat disingenuous of Reschny to contend that sending her a copy of the notice on April 30, 1998, would have averted delay. At that time, the only address the EEOC had for her was the one on South Tonnie Road. She no longer lived at that address and never apprised the EEOC of the change, though it was her duty to do so. 29 C.F.R. § 1601.7(b). She argues that, had the notice been sent, it might have been forwarded to her new address. But she failed to take measures to ensure that would happen; at her deposition, she could not recall whether she filed a change of address form with the post office to forward her mail to the new address. Reschny Deposition at 169-70. Even if the EEOC had mailed Reschny a copy of its notice on April 30, 1998, she has produced no evidence that she made arrangements to receive it.

### III.  Conclusion

For the reasons stated above, we AFFIRM the district court's grant of summary judgment.

A true Copy:

            Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*