In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1632

EARL KELLY PRINCE,

*Plaintiff-Appellant*,

*v.*

MARILYN STEWART, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 5849—**Ronald A. Guzmán**, *Judge*.

SUBMITTED JULY 29, 2009—DECIDED SEPTEMBER 2, 2009

Before POSNER, COFFEY, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*. Earl Kelly Prince worked for the Chicago Teachers Union until he was fired in the summer of 2004. In November he filed a charge of discrimination with the Illinois Department of Human Rights. When almost a year passed without any response from either the Department or the EEOC, he filed this lawsuit against the union and several of its officers. The complaint charges employment discrimination in viola-

tion of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*; race discrimination in violation of the Constitution, actionable under 42 U.S.C. § 1981; and breach of contract under Illinois law.

The district court dismissed the suit in December 2006, without prejudice, because Prince had not obtained a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(e). The EEOC finally sent him a right-to-sue letter in April 2007, but it was returned by the post office as unclaimed. The Commission mailed the letter again, and Prince acknowledges having received it on July 25. Nine days later he filed a motion to reopen his case. The district judge granted the motion, as he was authorized to do by Rule 60(b)(6) however the motion was captioned. *Ahmed v. Dragovich*, 297 F.3d 201, 208-09 (3d Cir. 2002); cf. *Chambers v. City of Fordyce*, 508 F.3d 878, 881 (8th Cir. 2007) (per curiam). That subsection of Rule 60(b) is broad enough (see, e.g., *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 553-54, 558 (7th Cir. 1996); *Knox v. Lichenstein*, 654 F.2d 19, 21-22 (8th Cir. 1981))—it authorizes the setting aside of a final judgment on any ground not specified in the preceding subsections ("any other reason justifying relief from the operation of the judgment")—to encompass the reopening of a proceeding that had been dismissed without prejudice because it had been filed prematurely. But when a few days after the motion was granted Prince asked to withdraw it because he would be out of state and unable to proceed with the case

immediately, the judge vacated the order that he had entered reopening the case, and so the dismissal of Prince's suit stood.

On October 23, 2007, exactly 90 days after receiving the re-sent right-to-sue letter, Prince filed a second motion to reopen. The judge responded three weeks later by denying the motion and stating that if Prince wanted to pursue his claims he would have to bring a new lawsuit. He could not do that, because by now the statute of limitations had expired. Instead he filed a "motion for clarification" in which he argued that he should be allowed to proceed without filing a new complaint because he had moved (the reference is to the second motion) to reopen his case within 90 days after receiving the right-to-sue letter and so within the statutes of limitations applicable to his employment-discrimination claims; the 90 days run from the date of receipt, not of mailing. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). The district judge denied the motion, telling Prince that litigation is not a "yo-yo game" and "you can't come in here every other week and change your mind about whether or not you want the case to go forward."

Prince appeals from the denial of his second motion to reopen. The defendants argue that we lack jurisdiction of the appeal because he didn't file a notice of appeal within 30 days of the order dismissing his complaint. But he is not asking us to review that dismissal. His

second motion to reopen, like his first, was authorized by Fed. R. Civ. P. 60(b)(6)—and indeed exemplifies the use of the rule as "the proper remedy for situations where a series of misunderstandings took place between counsel [in this case the litigant himself, since he had no lawyer] and the district judge." *Knox v. Lichtenstein*, *supra*, 654 F.2d at 22; see also *International Association of Heat & Frost Insulators & Asbestos Workers*, 516 F.2d 504 (5th Cir. 1975) (per curiam). And the denial of such a motion is reviewable independently of the earlier order dismissing the complaint. *SEC v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir. 2002) (per curiam)*.* And despite its caption the motion that Prince filed within 10 days for clarification of the denial of his second motion challenged the legal basis for the denial and is therefore deemed a motion to alter or amend that denial within the meaning and 10-day deadline of Fed. R. Civ. P. 59(e). *Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007). Prince appealed within 30 days of the denial of that timely motion, which makes his appeal also timely. *Id.* at 724-25.

We thus have jurisdiction and can proceed to the merits of the second motion to reopen. Prince filed the motion as we said on the ninetieth day after receiving the EEOC's right-to-sue letter. Had he instead refiled his original complaint that day he would have been entitled to an adjudication of his claims because his suit would have been timely. But of course by the time the motion was denied it was too late for him to bring a new suit; his 90 days had expired.

When the district judge granted Prince's first motion to reopen this told Prince—a pro se litigant—that moving to reopen was a permissible way to proceed now that he had obtained the right-to-sue letter. Prince should not have followed up the grant of the motion by asking the court to halt proceedings and reinstate the dismissal of his suit because he was not yet ready to proceed. There was as yet no schedule telling the parties when to file what, so there was no need for Prince to worry about not being able to proceed immediately with the further stages of the litigation. He made a mistake in asking the judge to reinstate the dismissal of this suit, but the mistake harmed no one. It merely irritated the judge.

The defendants argue that the second motion to reopen was properly denied because Prince filed it 97 days after the EEOC re-sent the right-to-sue letter. But the limitations period in both Title VII and the ADEA begins to run, as we said, when the claimant *receives* the letter, not when it was sent, and Prince claims to have first received it on the ninetieth day before he filed the motion. The defendants, who have the burden of proving that the suit was untimely, e.g., *Mosely v. Board of Education*, 434 F.3d 527, 535 (7th Cir. 2006); *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003), may be able to prove that Prince received the first mailing but deliberately or carelessly refused to open it, or was otherwise responsible for not reading it; in either of those events the limitations period would have begun to run in April 2007 and his suit would be time-barred. *Reschny v. Elk Grove Plating Co.*, *supra*, 414 F.3d at 823; *Covington v.*

*Illinois Security Service, Inc.*, 269 F.3d 863, 865 (7th Cir. 2001); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (per curiam); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 (6th Cir. 2000); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472 (6th Cir. 1986). A motion to reopen may not be used to extend the statute of limitations when there is no ground for tolling the statute. But at this stage there is no indication of why the letter initially was unclaimed, and so we must (though only provisionally) take Prince at his word that, through no fault of his own, he first received it on July 25. *St. Louis v. Alverno College*, 744 F.2d 1314, 1317 (7th Cir. 1984).

Assuming the second motion was timely, we can't see any reason for the district court's having denied it and by doing so prevented Prince from pursuing what for all we know is a meritorious case. This is not a case like *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (per curiam), where instead of filing a complaint within 90 days of receiving the right-to-sue letter the plaintiff filed the letter and asked the court to deem it a complaint. The district court in that case had done nothing to confuse the plaintiff about how to proceed; nor had she any other excuse that would have justified tolling the 90-day statute of limitations. In this case, by granting the plaintiff's initial motion to reopen, the district court lulled him into thinking he didn't have to refile his complaint; and lulling a pro se litigant provides a valid basis for invoking equitable tolling to stop the running of the statute of limitations, as in *Warren v. Department of the Army*, 867 F.2d 1156 (8th Cir. 1989). Equitable tolling is properly invoked in any case in which "the court has led

the plaintiff to believe that she had done everything required of her," *Baldwin County Welcome Center v. Brown, supra*, 466 U.S. at 151, or has "misled a party regarding the steps that the party needs to take to preserve a claim." *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005); see, e.g., *Seitzinger v. Reading Hospital & Medical Center*, 165 F.3d 236, 240 (3d Cir. 1999); *Browning v. AT&T Paradyne*, 120 F.3d 222, 227 (11th Cir. 1997); *Carlile v. Spouth Routt School District Re 3-J*, 652 F.2d 981, 986 (10th Cir. 1981); cf. *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 81 (7th Cir. 1992); *Anderson v. Unisys Corp.*, 47 F.3d 302, 306-07 (8th Cir. 1995); *Martinez v. Orr*, 738 F.2d 1107, 1112 (10th Cir. 1984).

The judgment of the district court is therefore reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.