NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEE BAKER, Jr.,

Defendant - Appellant.

No. 13-30076

D.C. No. 3:12-cr-00011-RRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 4, 2014
Anchorage, Alaska

Before: WALLACE, WARDLAW, and CHRISTEN, Circuit Judges.

Lee Baker, Jr., pled guilty to twelve counts of making false statements to

influence a financial institution, in violation of 18 U.S.C. § 1014. Baker's plea

agreement provided that the district court would determine the amount of

restitution. Baker challenges the district court's Corrected Order of Restitution,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

which required him to pay $3,089,128.86. The district court ordered $789,128.86 to be paid to the Denali Alaskan Federal Credit Union, and $2.3 million to be paid to the CUMIS Insurance Society (CUMIS). We have jurisdiction under 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand to the district court for proceedings consistent with this disposition.[1]

**1.** Under the Mandatory Victims Restitution Act of 1996 (MVRA), a "court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). A district court may "exercise its discretion in fashioning a restitution order." *Id.* § 3664(a). The government bears the burden of proving by a preponderance of the evidence the amount of loss sustained by the victim as a result of the offense. *Id.* § 3664(e). "Speculation and rough justice are not permitted" when calculating restitution under the MVRA, but "exact precision is not required and district courts have a degree of flexibility in accounting for a victim's complete losses; thus, a reasonable estimate will suffice." *United States v. Anderson*, 741 F.3d 938, 954 (9th Cir. 2013) (internal citation omitted) (internal quotation marks omitted).

---

[1] The parties are familiar with the facts of the case so we will not recount them here.

Baker argues that he submitted five exhibits—L, L-1, L-2, L-3, and N—containing evidence of costs incurred by his firm, Discovery Construction, Inc. ("DCI"), that the district court should have deducted from the total restitution award. We conclude the district court did not abuse its discretion by discounting the costs purportedly contained in Exhibits L, L-1, and N. We also conclude, however, that the district court erred by not crediting Baker for $25,292.46 in costs documented in Exhibits L-2 and L-3.

Exhibit L is a spreadsheet created by Baker's bookkeeper that lists Bryn Mawr job costs allegedly incurred between January 2004 and December 2009. Exhibit L-1 is the backup offered for Exhibit L, and largely consists of hundreds of pages of screen shots from DCI's electronic accounting program. The district court fairly considered, and discounted, this evidence, stating that Exhibit L "may have some accuracy to it, but not sufficient for me to put great weight on it, because much of it is just monies thrown into the pot and not specifically or clearly identified as for this project." The court also "didn't find Exhibit L to be sufficiently convincing." The court properly disregarded Exhibits L and L-1

because, unlike other exhibits credited toward Baker, they do not contain documentary evidence in support.[2]

The district court erroneously failed to credit Baker for a $209.90 expense for flagging materials on the Bryn Mawr project, documented in Exhibit L-2 with a check DCI paid to Warning Lites and a spreadsheet and screen shot listing the expense. Though Exhibit L-2 was admitted into evidence, there is no indication it was included in the total for "plans, permits and survey." Like Exhibits V and W, it contains a check from DCI documenting the actual payment of an expense related to the Bryn Mawr project.

The district court also erred by failing to credit Baker for $25,082.56 in costs substantiated by Exhibit L-3, which consists of four separate sets of documents purporting to show costs DCI incurred on the Bryn Mawr project. Each set of documents contains a spreadsheet and screen shot listing an expense, a copy of a DCI-issued check, and supporting invoices, receipts, or time sheets.

The first set of documents shows $24,186.21 paid to Dean Architects, the third set of documents shows $110 paid to Alaska Polar Supply, and the fourth set of documents shows $786.35 paid to Lowe's Home Improvement. The documents

---

[2]    In contrast, the district court credited Baker for the costs included in Exhibits V and W, which included copies of checks and invoices for work on the Bryn Mawr project.

4

supporting these costs are more detailed than those in Exhibits V and W, for which the district court credited Baker, and the government has not shown a reason to treat these expenses differently.

The second set of documents allegedly proves $93.50 DCI paid to Aron Kile for work on the Bryn Mawr project. The check DCI issued to Kile does not detail what work Kile performed, and its total amount does not appear to directly relate to individual amounts listed as owed to Kile on the screen shot. Because there is some doubt as to whether the check represents payment for work on the Bryn Mawr project, the district court did not abuse its discretion by failing to credit Baker $93.50.

The district court did not abuse its discretion by ruling that Exhibit N did not warrant additional credit for excavation costs. Exhibit N was admitted at the January 29, 2013 evidentiary hearing and reflects several daily reports for June and July 2006 showing travel by a subcontractor to view excavation work performed by L.H. Construction. The court ultimately credited Baker over half a million dollars for excavation work. Exhibit N arguably shows that excavation work was inspected after December 31, 2005, but it does not show how much excavation work was done after December 31, 2005, nor whether and how much DCI paid for

the work. Baker has not shown that the costs allegedly contained in this exhibit were excluded from the amount already credited for excavation work.

2. We previously determined the district court did not err in ordering Baker to pay restitution to CUMIS. *See United States v. Baker*, No. 13-30076, 2014 U.S. App. LEXIS 11981 (9th Cir. June 25, 2014). We cannot glean from the record, however, whether CUMIS reimbursed Denali Alaskan $2.425 million or $2.3 million. CUMIS is entitled to restitution only as to the amount it paid Denali Alaskan. *See* 18 U.S.C. § 3664(j)(1). We therefore remand to the district court to determine the correct amount of restitution to be paid to CUMIS.

\* \* \*

Subtracting $25,292.46 in costs documented by Exhibits L-2 and L-3, an amended restitution award shall be entered on remand in the amount of $3,063,836.40. The amount of restitution owed to CUMIS shall be determined by the district court on remand. The district court's order is **AFFIRMED** in part and **REVERSED** in part. We **REMAND** for proceedings consistent with this disposition.